IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              :         CASE NO. 09-00517

MARLYN MALDONADO RAMIREZ                            :

                                                    :         CHAPTER 7
        Debtor
                                                    :

_____            :

WILFREDO SEGARRA MIRANDA                            :         ADVERSARY NO. 09-00066
CHAPTER 7 TRUSTEE
                                                    :
        Plaintiff
                                                    :

v.                                                  :

JESUS M. MALDONADO VEGA                             :         FILED & ENTERED
MARLYN RAMIREZ ACOSTA
AND THEIR CONJUGAL PARTNERSHIP                      :         MAY 2 8 2010

        Defendants                                  :         U.S. BANKRUPTCY COURT
                                                              SAN JUAN, PUERTO RICO
_____            :

OPINION AND ORDER

        This case is before the court on the motion for summary judgment filed by Wilfredo Segarra Miranda (the "Plaintiff" or the "Chapter 7 Trustee") on September 18, 2009 (Docket No. 27) and the reply thereto and request for summary judgment filed by Mr. Jesus Maldonado Vega and Marlyn Ramirez (the "Defendants") on October 26, 2009 (Docket No. 39). On October 30, 2009, the Plaintiff filed a sur-reply (Docket No. 40), and a reply to the sur-reply followed on November 2, 2009 (Docket No. 41). The Chapter 7 Trustee seeks to avoid an unregistered transfer of real property pursuant to 11 U.S.C. § 544(a)(3) as a hypothetical bona fide purchaser of such property at the time of the filing of the petition. For the reasons set forth below the Chapter 7 Trustee's motion for summary judgment is hereby granted.

BACKGROUND

*The Complaint*

        Ms. Marlyn Maldonado Ramirez (the "Debtor") filed a Chapter 7 voluntary petition on January 29, 2009 and Wilfredo Segarra Miranda was appointed the Chapter 7 Trustee. On April 7, 2009 the Trustee filed the present adversary proceeding against the Debtor's parents; the Defendants. The following facts averred in the complaint are uncontested:

1. On February 5, 2007 the Debtor executed a deed (the "Deed of Sale")[1] transferring her interest in a real property located at lot 19, block H of La Vista Urbanization, in San Juan, Puerto Rico (the "Property"), to her parents, in exchange and payment for an antecedent debt incurred for the purchase of a business described as "Coaches".

2. The Deed of Sale was never presented before the Registry of Property for inscription.

3. The title search dated March 20, 2009 attached to the complaint shows that the following deeds are presented and pending inscription: promissory note with mortgage guarantee in favor of Popular Mortgage for the amount of $131,000 and state court final judgment entered on October 10, 2008 in a collection action brought by Banco Popular of Puerto Rico in the amount of $19,870.44 plus interest, and the amount of $500 in legal costs. Already registered are two mortgages, one in the amount of $77,469 in favor of RG Mortgage due on December 1, 2005 and another for $50,000 guaranteeing a bearer note, due upon presentment. The title search shows as the Property's title holder the Debtor, Ms. Marlyn Maldonado Ramirez.

4. The Debtor did not include the Property in her Schedules as an asset of the estate.

5. In Question 14 of the Statement of Financial Affairs (Docket 12, Case No. 09-517) the Debtor states that she is in possession of the Property, stating that it is a residential property valued at $350,000, although the property is owned by Mr. Jesus Maldonado, whose address is different.

The Plaintiff prays for the avoidance of the transfer of the Property to the Defendants pursuant to 11 U.S.C. §§ 541(a)(1), (3), (4) and 544(a)(3), and for the declaratory judgment that the Property is property of the estate.

*Parties' Arguments*

The Plaintiff argues that pursuant to 11 U.S.C. § 544, as a hypothetical lien creditor and bona fide purchaser who acquired the property and perfected the transfer at the time of the commencement of the case, he has superior rights to those of the Defendants in accordance with

---

[1] The Plaintiff did not challenge the validity of this Deed of Sale thus it is presumed that within the context herein, the same was executed in compliance with all the requirements for this legal transaction as set forth by the Civil Code of Puerto Rico.

2

state law. The Plaintiff cites the Puerto Rico Mortgage Law and the Puerto Rico Civil Code in support of his position, as well as Supreme Court of Puerto Rico and federal bankruptcy cases, and concludes that the sale of the Debtor to the Defendants must be set aside in light of 11 U.S.C. § 544(a)(3) and the applicable provisions of the Puerto Rico Mortgage Law.

In turn, the Defendants argue that the Deed of Sale was perfected in accordance with state law, thus the real property is not part of the estate pursuant to 11 U.S.C. § 541, as the laws of the Commonwealth of Puerto Rico does not require that the deed be recorded in the Registry of the Property in order for it to be perfected. The Defendants argue that the cases cited by Plaintiff are inapposite because this case relates to a pre-petition sale of real property and not the avoidance of a lien or pledge. Furthermore, the Defendants argue that the Plaintiff had prior knowledge of a defect in the Registry of Property; and, therefore, his good faith may be disputed and "annulled". The Chapter 7 Trustee learned of the transfer of the title of the Debtor's residential property through the Statement of Financial Affairs and later through the testimony given by the Debtor at the 341 meeting of creditors. After obtaining this information the Chapter 7 Trustee requested a title study which revealed that the Deed of Sale had not been presented for inscription and it is at that moment that he found out the defect in the Registry of Property. Defendants conclude that the Plaintiff, as purchaser with knowledge of the defect in the Registry, lacks good faith and is not protected by the record of the Registry.

The Defendants also argue that the property the Chapter 7 Trustee seeks to recover by setting aside the sale, does not benefit the estate because it has no equity to be distributed to the unsecured creditors. However, the Plaintiff responds that the value of the property is higher than the total amount of the liens and some of the liens could be potentially avoided and/or reduced.[2]

---

[2] At this time this argument is premature. While it is correct that a chapter 7 trustee may not sell properties for the sole benefit of secured creditors, the trustee must conclusively know whether the property he seeks to administer is property of the estate, before any attempt to market the same, negotiate or seek the avoidance of its liens may take place.

3

DISCUSSION

*Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright, Miller & Kane, Federal Practice and Procedure 3d§ 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id at 205-206. The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court should draw all reasonable inferences from the facts in the manner most favorable to the nonmovant. Piccicuto v. Dwyer, 39 F.3d 37, 40 (1st Cir. 1994) citing Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir. 1994).

In this case both parties agree that there are no issues of material fact and only legal questions to be determined. The court concurs that disposition of this matter through summary judgment is thus, appropriate.

*11 U.S.C. § 544(a)(3)*

The outcome of the case hinges upon whether § 544(a)(3) of the Bankruptcy Code allows the Chapter 7 Trustee to avoid an unregistered sale of real property. Section 544(a)(3) of the Bankruptcy Code provides that:

4

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor . . . that is voidable by-
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists and has perfected such transfer.

11 U.S.C. § 544(a)(3).

Section 544 along with sections 545, 547, 548, 549 and 553 set out the trustee's power to avoid liens and transfers. 5 Alan N. Resnick and Henry J. Sommer, Collier on Bankruptcy, ¶ 544.01 (15th Ed. Rev'd 2009). "These avoiding powers exist to implement the goal of every insolvency statute, which is the equal distribution of a debtor's assets among its general nonpriority creditors." Id. The trustee's rights and powers pursuant to 11 U.S.C. § 544 to avoid any transfer or obligation of the debtor that might be avoidable under nonbankruptcy law are commonly referred to as the trustee's "strong arm" avoidance powers. Subsection 544(a)(3) which grants the trustee the rights and powers of a bona fide purchaser of real property under state law was enacted as recording laws in a number of states "render unrecorded transfers vulnerable only to subsequent bona fide purchasers without notice of the unrecorded interest". 4 William L. Norton, Norton Bankrutpcy Law and Practice 3d, § 63:6 (Updated Jan 2010). "Taken together with the other portions of Code § 544, the bona fide purchaser status tends toward an express policy that, where recording acts exist and no grace period applicable, transfers not recorded or perfected prior to the petition are avoidable in bankruptcy." Id. "The trustee stands as a hypothetical bona fide purchaser without regard to any personal knowledge that the trustee may have of competing interests in the Debtor's property." In re Motta, 423 B.R. 393 (Bankr. D. Mass 2010)(citation omitted)

Although these "strong arm" rights and powers are conferred to the trustee by federal law, the extent of the trustee's rights as a bona fide purchaser of real property are determined by the substantive law of the jurisdiction governing the property in question, in this case Puerto Rico. Abboud v. The Ground Round, Inc. (In re The Ground Round, Inc.) 482 F.3d 15, 20 (1st Cir. 2007); In re Santos & Nieves, Inc., 814 F.2d 57 (1st Cir. 1987); see, 5 Collier on Bankruptcy, ¶

544.06. Therefore, the court must examine whether according to the Laws of Puerto Rico, the sale of the Debtor's Property to the Defendants would be voidable by a hypothetical bona fide purchaser of such property at the time of the commencement of the case.

*Sale Transaction*

The Defendants contend that the sale transaction was perfected upon the execution of the Deed of Sale in accordance with the provisions of the Civil Code of Puerto Rico governing contracts. The Puerto Rico Civil Code provides that "[o]wnership and other property rights are acquired and transmitted by law, by gift, by testate or intestate succession, and, in consequence of certain contracts, by tradition." 31 L.P.R.A. § 1931; See also 31 L.P.R.A. § 3012 (establishing that a creditor has the right to the fruits of a thing from the time the obligation to deliver it arises but the acquisition of title of the property thereto arises when the thing has been delivered to it.). Such provision is the basis for the title and tradition doctrine established in the Civil Code. Ramirez Quinones v. Soto Padilla, 168 D.P.R. 142, 152 (2006). Title refers to legal transactions the basis of which is the transfer of dominion, such as a sales contract, which serves to transfer dominion of personal and real property. Id. The title and tradition doctrine implies that a perfected sales contract is not sufficient to transfer title; it generates obligations for the buyer to pay and for the seller to transfer the object of the sales contract. Id. Therefore, as we previously stated in the case of In re Jose Pascual Hernandez, 244 B.R. 549, 552 (Bankr. D.P.R. 2000) citing Valcarcel v. Sancho, Treasury, 61 P.R.R. 207, 210-211 (1942), in accordance with the Civil Code of Puerto Rico the perfection of the sales contract arises when the contracting parties agree upon the thing which is the subject matter of the contract, and upon the price, even if neither has been delivered. Once this perfection has taken place, the contract is binding on both the buyer and seller, entitling the parties reciprocally to demand the fulfillment of the contract, but "ownership of the thing sold is not conveyed to the purchaser until the second stage takes place, that is, the consummation, which takes place at the time of the delivery of the thing sold." Id. The Civil Code provides that "[w]hen the sale should be made by means of a public instrument, the execution thereof shall be equivalent to the delivery of the thing which is the object of the contract, if in said instrument the contrary does not appear or may be clearly inferred." 31

6

L.P.R.A. § 3811.  Therefore, as a Deed of Sale was executed in this case, the delivery of the Property upon its sale, and  hence, the consummation of the sale, took place at the time of the execution of the Deed of Sale.  Valcarcel v. Sancho, 61 PRR at 210.

Defendants contend that they had a valid and binding contract for the purchase of the Property.  This court agrees that the sale was perfected, and it was consummated upon the execution of the Deed of Sale when the Property was delivered to the Defendants.  Consequently, the sale of the Property is binding between the seller; the Debtor, and the buyers; the Defendants.  However, because the Deed of Sale was not registered, the issue remains whether under state law the trustee, as a bona fide purchaser of this Property which appears in the Registry of Property of Puerto Rico under the name of the Debtor, may avoid the transfer of the Property to the Defendants.

*Bona Fide Purchaser*

We now turn to the provisions of the Puerto Rico Mortgage Law and Regulations, which govern registration and the rights of bona fide purchasers.  The Puerto Rico Mortgage Law provides that:

[t]he first registration of each property in the Registry shall be that of ownership. The titleholder of any real right imposed on a property whose owner has not recorded his ownership may request registration of his right in accordance with the provisions of this subtitle.

30 L.P.R.A. § 2302.

The Puerto Rico Mortgage Law also provides that:

Registered titles shall become effective for third parties from the date of their registration.  For all intents and purposes, the registration date, including the determination of the term needed for cancellation of entries, must appear in the registration itself.

In order to determine preference between two or more registrations of the same property, attention shall be given to the date, hour and presentation number of the respective titles in the Registry.

30 L.P.R.A. § 2256.

Finally, and of utmost importance to the issue before the court, the Puerto Rico Mortgage

7

Law provides protection for third parties, stating that:

> [d]espite the fact that registration does not validate transactions or contracts that are null according to the law, nor does it alter the legal relationship of those intervening as parties in said transactions or contracts, a third person who, in good faith and by paying a price, validly acquires a right from a person who according to the Registry, appears with the power to convey it, shall be sustained in his acquisition after he has recorded his right, when for any reason the Registry is found to be inaccurate, either because the grantor's title is rescinded, cancelled or annulled for reasons not clearly shown in the Registry itself, or because there are actions or titles of ownership or of other real rights that are not duly recorded.

> With regard to this, the Registry shall be understood to be all standing entries relating to a property or right, that have not been extinguished as provided in § 2451 of this title, which refer to the liens or rights that do not convey or encumber, in addition to the entry that gives notice to the right of the conveyor.

> The good faith of a third party shall always be presumed unless there is proof that the inaccuracy of the Registry was known when the property was acquired.

> A gratuitous acquirer shall only enjoy the Registry protection corresponding to the predecessors in title or to the conveyors.

In no case shall rights merely mentioned or the undue recording of obligations, affect a third party.

30 L.P.R.A. § 2355.

The Puerto Rico Mortgage Law incorporates the Spanish Law principle of the "fe publica registral" or registry's public faith, pursuant to which the rights of the third parties acquired through a valid legal transaction relying in the content of the Registry of Property, are protected. Banco Santander v. Rosario Cirino, 126 D.P.R. 591, 601 (1990). In accordance with the abovecited section, those who claim the protection of the Registry of Property must comply with several requirements, including being a third party and bona fide purchaser of a registered right over real property. Banco Santander v. Rosario Cirino. 126 D.P.R. at 603-604. As a hypothetical bona fide purchaser of real property a bankruptcy trustee under § 544(a)(3) "is deemed to have conducted a title search, paid value for the property and perfected its interest as a legal title holder as of the date of the commencement of the case." 5 Collier on Bankruptcy, ¶ 544.06. The Chapter 7 Trustee by virtue of § 544(a)(3) has been granted the protection of the third party bona fide purchaser referred to in this Section 2355 of the Puerto Rico Mortgage Law. Segarra v. Garrido

8

Pagan (In re Garrido Jimenez), 370 B.R. 878, 881 (B.A.P. 1st Cir. 2007) citing In re Santos & Nieves, Inc., 814 F.2d 57, 61 (1st Cir. 1987).

The Defendants were required to register their title to the Property for it to become effective against third parties, and they failed to do so. Thus, as of the commencement of the case, the unrecorded interest was not effective against the Chapter 7 Trustee as a hypothetical bona fide purchaser under Puerto Rico Law. Therefore, the Chapter 7 Trustee has the power to avoid the transfer pursuant to 11 U.S.C. § 544(a)(3). Garrido Jimenez, 370 B.R. at 881(an unrecorded deed was ineffective against the trustee in his strong arm capacity as a hypothetical bona fide purchaser). See also In re Sullivan, 387 B.R. 353 (B.A.P. 1st Cir. 2008). Because under state law a third party bona fide purchaser could avoid the transfer of the Property from the Debtor to the Defendants, the Chapter 7 Trustee can also avoid it. See, Doral Mortgage Corp./Doral Financial Corp. v. Segarra Miranda, 412 B.R. 72, 74 (D.P.R. 2009).

The Defendants claim that the Chapter 7 Trustee's strong arm powers under 11 U.S.C. § 544 are limited to actions taken in good faith. They argue that the Chapter 7 Trustee cannot be deemed a third party and a bonafide purchaser of the real property because he was aware of the existence of the Deed of Sales and thus he knew that the Property had been transferred and it did not belong to the Debtor anymore.

The Defendants are correct in stating that for a third party to be protected by the public faith in the Registry of Property or *fe publica registral,* the Puerto Rico Mortgage Law requires for this third party to have good faith, that is, to be unaware of the inaccuracy of the Registry of Property. Banco Santander de Puerto Rico v. Rosario Cirino, 126 D.P.R. at 605. The Puerto Rico Supreme Court has stated that a third party does not enjoy good faith when it knows that what the Registry of Property shows is different from the real facts. If a third party knows of a lien or transfer that does not appear in the Registry of Property, this third party does not enjoy the good faith required for the protection afforded by the Registry of Property. Pascual v. Fernandez Sierra, 108 D.P.R. 426, 435 ((1979). In Pascual v. Fernandez Sierra a residential property was sold to defendant by the plaintiff. At the closing the defendant executed the deed of sale and a mortgage

9

deed in favor of Berens Mortgage Bankers. The following day another mortgage was executed in favor of the seller/plaintiff. The seller presented his mortgage before Berens did. The Supreme Court of Puerto Rico determined that the plaintiff may not benefit from the laws which benefit the third parties because he had full knowledge of the inaccuracy of the Registry as he was present when the mortgage in favor of Berens was executed. Id. However, the good faith is required at the time the third party acquires his title. Banco Santander de Puerto Rico v. Rosario Cirino, 126 D.P.R. at 607; I Roca Sastre, Derecho Hipotecario, page 697 (7th Ed. 1979). The good faith must exist at the time of the execution of the transfer, and the purchaser will not lose the protection of the Registry of Property if after such transfer he gains information regarding the existence of the inaccuracy of the Registry. I Roca Sastre, Derecho Hipotecario, page 697. If before or at the time of the transfer the purchaser discovers that the seller is not the title holder of the property, then he knows he is not purchasing the property from its rightful owner and cannot be protected by the Registry. But if he gains the information afterwards, the protection the Registry of Property afforded him when the transaction was executed may not be undone. Id. Pursuant to § 544(a)(3) a bankruptcy trustee, becomes a bona fide purchaser as of the commencement of the case. Furthermore, the statute provides that the trustee shall have the rights and powers of a bona fide purchaser "without regard to any knowledge of the trustee or of any creditor."[3] As of the commencement of this case the Chapter 7 Trustee was not aware of any inaccuracy in the Registry of Property. Any knowledge that might be imputed from the schedules and statement of financial affairs could only come after the commencement of the case, and therefore after the Chapter 7 Trustee gained the status of a bona fide purchaser of real property. See, In re Deuel, 361 B.R. 509, 514 (B.A.P. 9th Cir. 2006)(holding that a case is commenced by the filing of the petition, thus, the bankruptcy trustee has the status of a bona fide purchaser at the instant the petition is

---

[3] This line in the statute refers to "actual notice" not "constructive notice". For example there may be matters of record giving constructive notice of the inaccuracy of the Registry such as a divorce decree, a pending divorce proceeding, a lis pendens, and which preclude the trustee from using the avoiding powers. 5 Collier on Bankruptcy, ¶ 544.03. Open possession of property may constitute constructive notice. McCannon v. Marston, 67 F.2d 13 (3d Cir. 1982). In this case the Defendants argue that the Chapter 7 Trustee had actual notice.

filed and whatever the trustee learned from the schedules and statement of financial affairs came too late.)  Consequently, the trustee may benefit from the protection of the Registry of Property as a third party bona fide purchaser because he gained this status at the commencement of the case and any information he obtained afterwards does not cancel or reverse this protection.

## CONCLUSION

In light of the aforestated, as of the date of the filing of the petition the Chapter 7 Trustee, as a hypothetical bona fide purchaser of the property, may avoid the Debtor's unregistered transfer of the Property to the Defendants, and recover the property for the benefit of the estate pursuant to 11 U.S.C. § 544(a)(3) and the applicable provisions of the Puerto Rico Mortgage Law.  Therefore, the Chapter 7 Trustee's motion for summary judgment is hereby granted and Defendants' motion for summary judgment is hereby denied.

Judgment shall be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 28th day of May 2010.

Enrique S. Lamoutte
United States Bankruptcy Court

11